# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 92

In the Interest of C.D.C., a minor child

----------

B.C.,                                                          Plaintiff and Appellant

v.

S.P., n/k/a S.H.,                                              Defendant

No. 20180371

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan J. Solheim, Judicial Referee.

AFFIRMED.

Per Curiam.

B.C., self-represented, plaintiff and appellant; submitted on brief.

S.P., n/k/a S.H., defendant; no appearance.

**Per Curiam.**

[¶1]    B.C. appeals from an order denying his motion to vacate a 2005 judgment determining he was the father of C.D.C.  In 2005, the district court entered a judgment determining B.C. was the biological father of C.D.C. based on B.C.'s August 2003 executed acknowledgment of paternity, and ordering B.C. to pay child support.  B.C. did not appeal from the judgment.  In April 2007, B.C. moved to vacate the 2005 judgment, claiming the result of a paternity test indicated he was not the child's biological father.  The district court adopted a judicial referee's decision denying B.C.'s motion.  B.C. did not appeal from that decision.  In September 2007, B.C. again moved to vacate the 2005 judgment.  The district court adopted a judicial referee's determination that B.C.'s motion was barred by res judicata, and B.C. did not appeal from that decision.  In September 2009, B.C. again challenged his paternity acknowledgment.  A judicial referee denied B.C.'s motion, and no appeal was taken.  In January 2011, B.C. moved to modify a parenting plan and to reduce his child support.  B.C.'s affidavit in support of the motion stated he was the child's father.  A judicial referee reduced B.C.'s child support, and B.C. did not appeal from the amended judgment.

[¶2]    In August 2018, B.C. sued the child's mother in a separate lawsuit, seeking to rescind the August 2003 acknowledgment of paternity.  He alleged a DNA test result showed he is not the child's father and his acknowledgment of paternity was void because of fraud and duress.  B.C.'s separate lawsuit was consolidated with the action acknowledging paternity and establishing support.  A judicial referee denied B.C.'s motion to vacate the 2005 judgment, ruling his claims had been or could have been raised previously.

[¶3]    We conclude B.C.'s claim about paternity is res judicata.  *See Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992) (stating res judicata

precludes relitigation of claims or issues that were raised or could have been raised in prior action between same parties or their privies and which was resolved by a final judgment in a court of competent jurisdiction). The judicial referee did not abuse her discretion in denying B.C.'s motion to vacate the 2005 judgment, and the order is affirmed under N.D.R.App.P. 35.1(a)(4).

[¶4]    Gerald W. VandeWalle, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte